UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENNEL AUGUSTA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4235-JBM |
| | ) |
| PEOPLE OF THE STATE OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, no longer in custody, filed a 42 U.S.C. §1983 action while held at the Pinckneyville Correctional Center. Plaintiff named the People of the State of Illinois, Illinois Governor J.B. Pritzker, Illinois Attorney General Kwame Raoul, Knox County State's Attorney John Pepmeyer, Knox County Judge Paul Mangieri, and Galesburg Police Officers Kyle Winbigler and Russell Idol. The complaint is now before the Court for purposes of merit review. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff's claims center on his 2016 arrest and trial on charges of possession of narcotics with intent to distribute. Plaintiff claims that arresting officer, Defendant Winbigler, followed him for eight blocks in violation of Illinois anti-stalking statutes. Plaintiff claims that when Defendant Winbigler stopped him, he asked Plaintiff what was in his mouth. When Plaintiff replied "nothing", Defendant allegedly forcibly choked him, removing contraband from his mouth. Plaintiff filed a motion to suppress this evidence which was denied by Knox County

1

Judge Mangieri. Plaintiff was convicted at bench trial and sentenced to six years in the Illinois Department of Corrections ("IDOC").

Plaintiff subsequently appealed the denial of the motion to suppress in *People v. Augusta*, 437 Ill. Dec. 953 (Ill.App.3d. 2019). There, the Appellate Court found error in the denial of the motion to suppress. It found the Officer's actions amounted to a "contact with the throat or neck" intended "to prevent the ingestion or destruction of contraband" in violation of 720 ILCS 5/7-5.5(b). *Augusta,* 437 Ill. Dec. at 959. The Court vacated Plaintiff's conviction and sentence, reversed ruling on the motion to suppress, and remanded back to the state court for further proceedings. The Court denied Plaintiff's request that the conviction be vacated outright, indicating it would be up to the State to decide if it could "further pursue the charges without the suppressed evidence." *Id.* at 959-60. Plaintiff asserts that he was released from custody in December 2019, but provides not information as to how this procedurally came about.

Plaintiff asserts a variety of claims; violations of due process, equal protection, false imprisonment, excessive force, illegal search, stalking, and malicious prosecution. It is often not clear as to which Defendant Plaintiff is asserting a particular claim. In addition, many are asserted against the People of the State of Illinois, a body which is not amenable to suit.

**ANALYSIS**

Plaintiff asserts the majority of his claims against arresting officer, Defendant Winbigler. These include claims that Defendant unreasonably searched Plaintiff's person, subjected him to false arrest and false imprisonment, violated his rights to equal protection and engaged in the unlawful use of force. Plaintiff's claims arising under section 1983 are subject to a two-year statute of limitations. Here, it is clear that these claims concerning the 2016 arrest, filed November 12, 2020, are outside the applicable statute of limitations. *Draper v. Martin,* 664 F.3d

1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years,735 ILCS 5/13-201"). Although "[t]he statute of limitations is an affirmative defense, but if a plaintiff pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010). As a result, the claims of unreasonable search, false arrest, false imprisonment, excessive force and violations of equal protection are DISMISSED with prejudice.

Plaintiff also asserts due process and malicious prosecution claims against Officer Winbigler, based on Plaintiff's allegedly unlawful detention. In support, Plaintiff wrongly asserts that his conviction was "overturned," and that the Appellate Court had made a finding that there was no probable cause for the arrest. This is not the case, as the court determined only that the evidence should have been suppressed. On this bases, it remanded the matter for further proceedings, declining to vacate the conviction outright.

Here, it is not clear whether Plaintiff asserts a malicious prosecution claim under § 1983 or under state law so the Court will conduct an analysis under both. To the extent that Plaintiff asserts a federal claim for malicious prosecution, it is clear that under recent caselaw, the term "malicious prosecution" is no longer applicable in a § 1983 case. In *Manuel v. City of Joliet*, 137 S. Ct. 911, 917 (2017)("*Manuel I*"), the Supreme Court held that allegations of malicious prosecution actually states a claim for unlawful detention, to be reviewed under the Fourth Amendment. On remand in *Manuel v. City of Joliet, Illinois*, 903 F.3d 667, 670 (7th Cir. 2018)(*Manuel II*), the Seventh Circuit stated "After *Manuel[I]*, "Fourth Amendment malicious prosecution" is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention." *See also, Stone v. Wright*, 734 Fed.

Appx. 989 (7th Cir. 2018). "*Manuel* says that there is no such thing as 'Fourth Amendment malicious prosecution.' Wrongful arrest or detention creates a wrongful-seizure claim, plain and simple…"; *Keen v. City of Indianapolis by & through Metro. Police Dep't*, No.19-1241, 2021 WL 1108704, at *7 (S.D. Ind. Mar. 23, 2021) ("the law in this circuit is that 'there is no such thing as 'Fourth Amendment malicious prosecution.' ")

While Plaintiff's other §1983 claims are precluded by the statute of limitations, the same does not apply to Plaintiff's Fourth Amendment detention claim, as in such cases, the statute of limitations does not begin to run until the detention ends. *Manuel II* at 670 ("(t)he wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends."; *Mitchell v. City of Elgin*, 912 F.3d 1012, 1013 (7th Cir. 2019). Here, Plaintiff was released from custody in December 2019 and timely filed this Fourth Amendment claim. However, Plaintiff cannot proceed on such a claim unless he can establish that the officer did not have probable cause for the detention. *Keen*, 2021 WL 1108704, at *3 (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) ("[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution.").

While Plaintiff would assert that the Illinois Appellate Court found lack of probable cause to arrest, there was no finding on this issue; the relevant finding going only to the admissibility of the contraband. The Court takes judicial notice of the state court proceedings where Officer Winbigler testified that he stopped Plaintiff's vehicle when Plaintiff failed to use his turn signal. Officer Winbigler testified, further, that when he approached the vehicle, "he smelled an odor of cannabis, and saw an open bottle of beer and a plastic cup that appeared to contain an alcoholic beverage." *Augusta*, 437 Ill. Dec. at 956.

The existence of "probable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred. This 'is not a high bar.'" *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (internal citations omitted). Plaintiff cannot sustain a Fourth Amendment claim under these facts.

Even if Plaintiff's claim is construed as state law malicious prosecution, it must fail as, there too, the presence of probable cause will foreclose such a claim. *See Gallagher v. Gentile*, No.18-6413, 2021 WL 963766, at *4 (N.D. Ill. Mar. 15, 2021) "probable cause provides a complete defense to an Illinois malicious prosecution claim." (internal citation omitted). *See Young*, 987 F.3d at 646. "Young's claim for malicious prosecution fails for the same reason that his Fourth Amendment claim fails—the officers had probable cause to detain him. *See id*. citing *Martinez v. City of Chicago*, 900 F.3d 838, 849 (7th Cir. 2018) ("[t]o state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause..."

Plaintiff's due process claims are also dismissed as the Supreme Court has affirmatively stated that detention without probable cause states a Fourth Amendment claim, not to be "convert[ed]" to "one founded on the Due process Clause." *Manuel I*, 137 S. Ct. at 918–19 (citations omitted).

Plaintiff also accuses Defendant Winbigler of stalking in violation of 720 ILCS 5/12-7.3. This provision, however, is part of the criminal code and does not provide for a private right of action. Accordingly, all claims against Defendant Winbigler are DISMISSED.

Plaintiff also asserts claims against Knox County State's Attorney Pepmeyer and Knox County Judge Mangieri. Plaintiff reiterates his claim that there was no probable cause for his

arrest and that the seized contraband was wrongly offered by Defendant Pepmeyer and wrongly admitted into evidence by Defendant Judge Mangieri. Plaintiff had pled these same claims against these same Defendants in *Augusta v. The People of the State of Illinois*, No. 16-4032 (C.D. Ill. Feb. 17, 2016). There, the court dismissed the claims against State's Attorney Pepmeyer and Judge Mangieri, noting they respectively enjoyed prosecutorial and judicial immunity, citing *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) and *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012). As this was a final disposition on the merits, Plaintiff is barred from reasserting it here. *See Vaughn v. Chapman*, 662 Fed.Appx. 464 (7th Cir. 2016) (applying claim preclusion where district court had dismissed prior malicious prosecution suit against Defendants on basis of prosecutorial immunity).

Plaintiff also claims that Supervising Officer Defendant Idol "allowed" Defendant Winbigler's unconstitutional activity. As the allegations against Defendant Winbigler have been dismissed, and as Plaintiff fails to plead any personal participation by Defendant Idol, the claims against him are DISMISSED as well.

Plaintiff's claims against Defendant Illinois Governor Pritzker and Illinois State's Attorney Raoul are dismissed for failure to state a claim as Plaintiff does not allege that either was aware of, or personally participated in the alleged violations. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740).

6

The Court finds that Plaintiff's various claims are barred by the statute of limitations, barred by the application of issue preclusion, and do not otherwise implicate recognized constitutional protections. Plaintiff's complaint is dismissed with prejudice for failure to state a claim. "[A] dismissal for failure to state a claim under §1915A should be made with prejudice." *Sanders v. Betrand*, 72 Fed.App'x 442, 445 (7th Cir. 2003) (citing *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002)).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile for the various reasons indicated herein. This case is closed, and all pending matters are VACATED. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

  4/1/2021
ENTERED

                          s/Joe Billy McDade
                            JOE BILLY McDADE
                  UNITED STATES DISTRICT JUDGE